UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA LEE KELSON,<br><br>         Petitioner,<br><br>vs.<br><br>TINA HORNBEAK, Warden,<br><br>         Respondent. | Civil No.   09cv2629-JM (WMc)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL [DOC. NO. 4]** |

On December 21, 2009, Petitioner, a state prisoner proceeding pro se, filed a Request for Appointment of Counsel to pursue her petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [Doc. no. 4.]   The request for appointment of counsel is denied without prejudice..

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991);  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'"   18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. §  2254.  The appointment of counsel is discretionary when no evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791

F.2d at 728; <u>Abdullah</u>, 18 F.3d at 573.  Here, there is no current indication that an evidentiary hearing is necessary.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." <u>Chaney</u>, 801 F.2d at 1196; <u>Knaubert</u>, 791 F.2d at 728-29.  A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner.  In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting her claims.  <u>Hawkins v. Bennett</u>, 423 F.2d 948, 950 (8th Cir. 1970).

It appears that Petitioner seeks appointment of counsel because she "cannot afford to obtain a private attorney." [Doc. no. 4.]  However, indigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is "necessary to prevent due process violations."  At this stage of the proceedings, there is no indication that appointment of counsel is required to prevent a due process violation.  Neither is there an indication that the issues are too complex or that Petitioner is incapable of presenting her claims.  Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice.  See <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).  For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel.  Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: March 26, 2010

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

-2-