# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA LEE KELSON,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>TINA HORNBEAK, Warden; and THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondents. | CASE NO. 09 CV 2629 JM (WMC)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATIONS, (2) DISMISSING CASE, AND (3) DENYING MOTION TO TOLL TIME**<br><br>Doc. Nos. 7, 10, 16 |

Petitioner Brenda Lee Kelson ("Petitioner"), a California state prisoner proceeding *pro se* and *in forma pauperis*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Respondents filed a motion to dismiss the petition. (Doc. No. 7). Magistrate Judge William McCurine entered a Report and Recommendations, which thoroughly and thoughtfully analyzed Petitioner's claims and recommended that the motion to dismiss be granted because Petitioner's claims are barred by the statute of limitations. (Doc. No. 10). Petitioner filed an objection and a motion to toll time. (Doc. Nos. 14, 16). Respondents did not file a reply. The court finds this matter appropriate for disposition with oral argument. *See* CivLR 7.1(d)(1).

The Report and Recommendations fully and properly analyzed the parties' claims.

1  Accordingly, the court hereby ADOPTS the Report and Recommendations in its entirety.

2  In her objection, Petitioner renews an argument she raised in an addendum to her response in opposition to Respondents' motion to dismiss. In the addendum—which was not considered by the Magistrate Judge because it was filed after the Report and Recommendations— Petitioner argues that the court should toll additional time for alleged misconduct of an attorney that represented her from her sentencing phase in July of 1999 until September of 2000, before she filed her direct appeal. (Doc. No. 14, Ex. A). The statute of limitations, however, did not begin to run until May 15, 2002. (Doc. No. 10 at 5). Therefore, even assuming Petitioner received constitutionally defective representation at that time, it would not toll time of a statute of limitations that had not yet begun. Accordingly, the court hereby GRANTS Respondents' motion to dismiss the petition with prejudice.

Finally, Petitioner separately moves to toll time under the statute of limitations. For the reasons already stated, both here and in the Report and Recommendations, the court hereby DENIES Petitioner's motion to toll time.

**IT IS SO ORDERED.**

DATED: June 28, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge